ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil File No. 02-0104 JMR/FLN

CARPENTERS & JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION MASTER TRUST FUND, TWIN CITY CARPENTERS APPRENTICESHIP FUND, TWIN CITY CARPENTERS VACATION FUND TRUSTS,

and

MINNEAPOLIS PAINTING INDUSTRY HEALTH & WELFARE FUND, MINNEAPOLIS LOCAL 386 DRYWALL FINISHING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY VACATION AND HOLIDAY FUND, MINNESOTA PUBLIC RELATIONS AND APPRENTICESHIP TRAINING FUND,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF DEFAULT MONEY JUDGMENT**

KCRC, INC., and
RYAN KSIAZEK, individually,

Defendants.

This matter was heard before the undersigned on the 26th day of April 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

FILED
RICHARD D. SLETTEN, CLERK
APR 29 2002
JUDGEMENT ENTERED APR 29 2002
DEPUTY CLERK'S INITIALS

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on January 11, 2002.

2. Defendants were served with the Summons and Complaint in this matter on January 15 and January 16, 2002.

3. Defendants failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing carpenters and painters work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

5. Defendants accepted and agreed to be bound by two separate collective bargaining agreements; one between the Builders Division of Associated Contractors of Minnesota and Carpentry Contractors Association and Minnesota Drywall and Plaster Association and the Lakes and Plains Regional Council of Carpenters & Joiners (hereinafter referred to as the "Carpenters CBA"), and one with the International Brotherhood of Painters and Allied Trades Local Union No. 386 (hereinafter referred to as the "Painters CBA") (both agreements collectively referred to as "Collective Bargaining Agreements").

6. The Collective Bargaining Agreements obligate Defendants, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 15th day of the month following the month for which the contribution is being made.

7. Plaintiffs are entitled under the terms of the Collective Bargaining Agreements to audit Defendants' payroll records to determine its compliance with the reporting and contributions requirements.

8. Defendants failed to submit the monthly fringe fund reports for the months of October through December, 2001.

9. Subsequent to the Plaintiffs' filing and service of the Summons and Complaint, Defendants produced a set of records for an audit.

10. Plaintiffs completed an audit of the Defendants' records and discovered hours worked by employees, but for which fringe benefit contributions had not been submitted.

11. The Plaintiffs' auditor determined that a total of $37,394.38 was past due and owing for fringe benefit contributions for the Carpenters Funds, and $15,247.66 was past due and owing for fringe benefit contributions for the Painters Funds. The auditor also determined that $3,739.44 was due for liquidated damages for the Carpenters Funds and $1,524.77 was due for the Painters Funds. In addition, the Painters Funds are owed $70.00 for the auditing fee.

12. Plaintiffs have incurred $625.00 in attorney fees and $267.88 in costs.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to a default money judgment.

2. Defendants owe $52,642.04 for fringe benefit contributions and $5,264.21 for liquidated damages, plus $70.00 for an audit fee, as determined by the auditor.

3. Defendants owe $892.88 for attorney fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for entry of default judgment is granted.

2. That Plaintiffs' motion for a money judgment is granted.

3. That Plaintiffs shall collectively have judgment, joint and several, against Defendants in the amount of $58,869.12.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 26th, 2002

BY THE COURT:

The Honorable James M. Rosenbaum
United States District Court Judge